# SUPREME COURT.

## VAN VECHTEN AND OTHERS, TRUSTEES, &c., agt. PRUYN.

A notice of protest cannot be regularly *served by mail*, where the endorser, with his family, reside in the same village with the notary, where the bank is located, and where, through the post office, he receives letters, although it appears that the only office or place of business of the endorser is in a distant city, where he remains the largest portion of the time, and where he receives, through the latter post office, individual and business letters, and to which lat-

ter address the notices were sent. No designation of residence by the endorser on the note.

Under such circumstances, the service must be made under the general rule, by delivering it personally to the party, or by leaving it at his domicil or place of business.

*General Term, Dec.* 1853. PARKER, WRIGHT, and HARRIS, Justices. This case was submitted to the court without action, pursuant to chap 1, title 12, part 2 of the Code, passed April 12, 1848, and the several acts amendatory thereof.

The following are, substantially, the facts agreed upon between the parties.

The plaintiffs were the trustees of the Catskill Bank, and holders and owners of three promissory notes drawn by J. V., and endorsed by the defendant, which had been discounted by the bank for the benefit of the drawer. These notes respectively matured and became due, Oct. 1, 1851, Nov. 25, 1851, and Feb. 14, 1852; on which respective days they were presented at the bank for payment and payment refused; that afterward, on the same days respectively, notices in due form of the presentment, demand, and non-payment of said notes, signed by a notary public residing in Catskill, were given to the defendant by depositing them in the post office in the village of Catskill, directed to the said defendant, city of New-York.

That the defendant, together with his family, from the first day of April, 1850, up to and at the time the notices of protest were sent to defendant, as aforesaid, resided within two hundred yards of the Catskill Bank, in the village of Catskill; such residence being well known to the notary and the officers of the bank. That the defendant was personally at his office of business in the city of New-York from Monday night to Friday night of each week, and from Friday night until Monday night of the following week he was generally with his family in said village of Catskill. That the defendant's office in New-York was his only place of business until March, 1852. That the defendant, in company with another, kept a letter-box at the post office in the city of New-York, and there received individual and business letters; but the defendant kept no separate box at the New-York post

office. That letters and papers were also received by the defendant at the post office in the village of Catskill, where he kept a postage account and letter-box. That he received letters addressed to him at the New-York post office, but he does not admit that he received all letters so addressed. That there was no place of residence of said defendant designated under said endorsements or otherwise appearing on said notes or either of them. Admitted that the plaintiffs were the proper persons to bring an action and to submit this case.

> JOHN ADAMS, *for Plaintiffs.*
> J. H. REYNOLDS, *for Defendant.*

By the Court—PARKER, P. J. Where the holder of a note and the party entitled to notice both reside in the same city or town, the general rule is, that notice must be given to the party entitled to it, either personally or by leaving it at his domicil or place of business. Ireland agt. Kipp, (10 *John* 490; *S. C.* 11, *ib.* 231; *Story on Prom. Notes,* § 312, *and cases cited in note.*) In such case, service by mail is insufficient. The only exceptions to this rule are, where there is more than one post office in the city or town, or where the endorser, though residing in the same town, lives at a great distance from the post office, and receives his letters at a nearer post office in a neighboring town. Ransom agt. Meech, (2 *Wend R.* 587; Sheldon agt. Benham, 4 *Wend. R.* 129; *Story on Prom. Notes,* § 322.) In that case, notice may be served by depositing it in the post office, if there is a regular communication by mail. But if both parties reside in the same village, the service cannot be made through the post office. It is not enough in such case to leave the notice at the post office to be delivered to the endorser when he calls for letters, but if not served personally, it must be left at his domicil or place of business. The notice may be sent through the post office when it is to be carried by mail, but not when it is left for delivery only.

In the case before us, therefore, a notice deposited in the post office at Catskill addressed to the defendant at Catskill, the place of his residence, would have been insufficient.

But the notices were deposited in the post office at Catskill, directed to the defendant at the city of New-York, where he kept his office for law business, and where he passed the greater portion of his time. And the question is thus presented, whether it was sufficient to send the notices by mail from the place of his residence to a place more than one hundred miles distant, when it would not have been sufficient to mail them at the place of his residence, directed to him at the same place. The defendant had a post office box at Catskill, and received letters there as well as at New-York; and it is evident the delay in sending to New-York must necessarily have been much greater than that which it is certain the law would not have tolerated in mailing it directed to Catskill.

No adjudged case can be found sanctioning such a practice. In Morris agt. Husson, (4 *Sand. S. C. Rep.* 93,) both the maker and endorser resided in Brooklyn, and a notice, sent by mail to the endorser's place of business in New-York, was held sufficient to charge him; but in that case it appeared the endorser had written "13 Chambers-street" under his name, and the notice was sent to that place in pursuance of such direction. It is always competent for the endorser to direct to what place notice shall be sent. (*Story on Prom. Notes*, § 314.) In this case, the defendant gave no direction, and the plaintiffs were bound to pursue a strictly legal course to charge the endorser.

It has been held that where a party resides in one town and does business and receives his letters in another, notice may be sent to either. Bank of Geneva agt. Howlett, (4 *Wend.* 328.) But that rule has never been applied to a case where an endorser resided and received letters at the post office in the same village in which the protest was made. In such case, I do not think it is sufficient to send the notice to the town where the endorser transacts business, though it appears that he also receives letters there. The mode of service would be different at the two places, and to give the holder his option as to the place where service should be made, would be permitting him to avail himself of the more dilatory service by mail, by sending to the place of business, instead of making the personal or

15

actual service to which the endorser would be entitled, if served at his residence. There is a good reason for enforcing the application of the rule laid down in the Bank of Geneva agt. Howlett, to cases where the notice is sent from neither the town where the endorser resides, nor from that in which he transacts business. In such case, the right to send notice by mail existing as to both, the endorser is not delayed or prejudiced by the holder enjoying the right of electing to which town he will send the notice.

The service of notices in this case was not sufficient to charge the defendant as endorser, and judgment must be entered in favor of the defendant.